**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS**

**LUBBOCK DIVISION**

| | | |
|---|---|---|
| Christy Carillo | § | Civil Action No. |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | Complaint and Demand for Jury Trial |
| | § | |
| Kodak Law, LLC | § | |
| | § | |
| Defendant | § | (Unlawful Debt Collection Practices) |

**PRELIMINARY STATEMENT**

1. Plaintiff, Christy Carillo ("Carillo" or "Plaintiff") brings this action under the FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), to obtain statutory damages, actual damages, relief, and other relief for the Defendant's violations of the FDCPA.

2. Defendant, Kodak Law, LLC ("Kodak") attempted to collect a consumer debt allegedly owed by Plaintiff, arising from a purported credit card obligation to PNC Bank, allegedly assigned to Kodak. The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance, or services were the subject thereof and the same were primarily for personal, family, or household purposes. Specifically, the alleged debt arose from a credit card account.

**JURISDICTION AND VENUE**

3. Jurisdiction of this Court attains pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337(a).

4. Venue in the United States District Court for the Northern District of Texas is proper under 28 U.S.C. § 1391(b)-(c) because the acts and transactions occurred here, and the Defendant transacts business here.

5. Plaintiff is a citizen of Hale County, and the State of Texas. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant Kodak is a law firm that files collection suits en masse. Kodak is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Tex. Finance Code § 392.001(6). Kodak is also a "third-party debt collector" as defined by Tex. Finance Code § 392.001(7). Kodak may be served through their registered agent URS Agents LLC, located at 3610-2 N. Josey Lane, Suite 223,

Carrolton, TX 76007.

## FACTUAL ALLEGATIONS

7. On or about December 12, 2022 Defendant filed a collection lawsuit against Plaintiff in the case styled U.S. Bank National Association v. Christy Carillo, case Number B44592-2212, in the 242nd Judicial District Court for Hale County, Texas. Plaintiff retained the services of the undersigned counsel, Ciment Law Firm, PLLC (Law Firm), representation in that case.

8. The Ciment Law Firm filed an answer on or about January 30, 2022. Per the Texas Rules of Civil Procedure, The Ciment Law Firms sent a copy of the answer to Defendant on the same day.

9. Despite this Defendant twice communicated directly with Carillo, a party known to be represented. On or about May 9, 2023, Plaintiff received U.S. Banks responses to Request for Admissions. On or about May18, 2023, Plaintiff received U.S Banks initial disclosures.

10. The foregoing acts and omissions were undertaken on behalf of the Defendants by their respective officers, agents, or employees acting at all times relevant hereto within the scope of that relationship.

11. The foregoing acts and omissions of the Defendants were undertaken by them willfully, intentionally, knowingly, and/or in gross disregard of the rights of the Plaintiff. Defendants knew or should have known that the Defendant was represented by counsel.

12. The foregoing acts and omissions of the Defendant were undertaken indiscriminately and persistently, as part of Defendants' regular and routine collection efforts, and without regard to or consideration of the rights of the Plaintiff.

13. As a proximate result of the foregoing acts and omissions of the Defendant, Plaintiff has suffered actual damages and injury, including but not limited to, stress, humiliation, mental anguish and suffering, and emotional distress, for which Plaintiff should be compensated in an amount to be proven at trial. Plaintiff thought that once she hired a lawyer then they would handle these types of things and that she would not have to deal directly with an attorney for the other side. These events occurred right as Plaintiff's child was graduating, and really took the fun out of what should have been one of the most joyous occasions in a mother's life.

14. All of Defendant's actions occurred within one year of the date of this Complaint. Moreover, the actions made by Defendant in his collection attempts are to be interpreted under the "unsophisticated consumer" standard. (See, *Bartlett v. Heibl*, 128 F3d. 497, 500 (7th Cir. 1997); *Chauncey v. JDR*, 118 F.3d 516, 519 (7th Cir. 1997); *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996); and *Gammon v. GC Services, LTD. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

**RESPONDEAT SUPERIOR LIABILITY**

15. The acts and omissions of Defendant, and the other debt collectors employed as agents by Defendant who communicated with Plaintiff as further described herein, were committed within the time and space limits and within the sphere of their respective employments in their agency relationships with their principal, the Defendant.

16. The acts by Defendant and his agents were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

17. By committing these acts against Plaintiff, these agents of Defendant were motivated to benefit their principal, the Defendant.

18. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by his collection employees, including but not limited to violations of the FDCPA in their attempts to collect this debt from Plaintiff.

**CLAIM FOR RELIEF**

19. The Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs. The Defendants' violations of the FDCPA include, but are not limited to the following:

    a. In sending this communication directly to Defendant, Plaintiff is in violation of 15 U.S.C. § 1692c (a)(2) which prohibits debt collectors from communicating with a consumer when the debt collector knows the consumer is represented by as attorney with respect to such debt.

**SECOND CAUSE OF ACTION**
**Violations of the Texas Debt Collection Act**
**Tex. Fin. Code Ann. §392 et seq.**

20. Plaintiff incorporates by reference all of the above paragraphs of this Petition as though fully stated herein with the same force and effect as if the same were set forth at length herein.

21. Defendant Kodak does not have a bond as required by Texas Finance Code § 392.101.

22. Defendant Kodak is fully aware of the legal requirement to have a bond. They have had multiple bonds in the past but for whatever reason they have been cancelled. Yet they continue to attempt to collect debts in Texas.

23. This is an action for willful violation of the Texas Debt Collection Act, Tex. Fin. Code Ann. § 392 *et seq*., ("TDCA").

24. Section §392.304(19) prohibits a debt collector from using any false representation or **deceptive means** to collect a debt or obtain information concerning a consumer.

25. Plaintiff was caused emotional damage by the direct action of Defendant and the deceptive means used in this forementioned telephonic correspondence.

26. For the aforementioned-reasons, Defendant has violated the TDCA.

27. For these reasons, the Defendant is liable to the Plaintiff for actual damages, statutory damages, costs, and reasonable attorney's fees.

### DEMAND FOR JURY TRIAL

28. Plaintiff demands trial by jury in this action.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

1. Declare that Defendants' actions violate the FDCPA.

2. Enter judgment in favor of Plaintiff and against Defendants for statutory damages, actual damages, costs, and reasonable attorney's fees as provided by 15 U.S.C. § 1692c(a)(2) and Texas Finance Code 392.403.

3. Grant such further relief as deemed just.

Respectfully submitted,

s/James A. Foley

_____
James A. Foley, Bar No. 24055491
Ciment Law Firm, PLLC
1751 River Run, Suite 280
Fort Worth, TX 76107
Phone: 833-663-3289 x3006
Fax: 855-855-9830
eService: courtfilings@cimentlawfirm.com
James@CimentLawFirm.com
ATTORNEY FOR PLAINTIFF
Christy Carillo